**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EQUIFAX, INC.,**

**Petitioner,**

**v.**

**ACA INTERNATIONAL ENTERPRISES, INC.,**

**Respondent.**

**Case No. 2:26-mc-00039**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

**OPINION & ORDER**

This matter is before the Court on Petitioner Equifax, Inc.'s Motion to Compel ACA International Enterprises, Inc., to Comply with Subpoena. (ECF No. 1.) Also pending before the Court is Respondent ACA International Enterprises, Inc.'s Opposition to Equifax's Motion to Compel and Countermotion for Attorneys' Fees and Costs (ECF No. 6).

For the following reasons, the Motion to Compel (ECF No. 1) is **TRANSFERRED** to the Eastern District of California pursuant to Federal Rule of Civil Procedure 45(f).

## I. BACKGROUND

The subpoena in question arises out of underlying litigation pending in the Eastern District of California, captioned *Dr. Derrick Adams et al. v. Experian Info. Solutions, Inc. et al.*, No. 2:23-cv-01773 (the "California litigation"). In 2022, Equifax and two other national credit reporting agencies announced that they would cease reporting certain types of medical debt. Purported classes of debt collectors and medical providers then commenced the California litigation. On June 25, 2026, in the California litigation, Equifax subpoenaed third-party ACA, a trade association whose members are debt collectors. (ECF No. 1-3.) Equifax and ACA met and

conferred several times over the following weeks on various issues related to the subpoena but did not resolve their disputes.

Equifax moved to compel ACA's compliance with the subpoena on October 2, 2026. (ECF No. 1.) ACA opposes the motion and countermoves for an award of the reasonable attorneys' fees and costs it has incurred in complying with the subpoena and in responding to Equifax's motion. (ECF No. 6.) Alternatively, ACA consents to the transfer of Equifax's Motion to Compel and ACA's Countermotion to the United States District Court for the Eastern District of California under Federal Rule of Civil Procedure 45(f). (*Id.*)

## II. STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a). Rule 45 permits the Court to quash a subpoena that subjects a nonparty to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Although Rule 45 does not specifically include irrelevance as a basis for quashing a subpoena, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal citation and quotation marks omitted). When a nonparty challenges a subpoena on grounds that the request is overburdensome, the party seeking the discovery must establish that the information sought is relevant. *See Spartanburg Reg. Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005). Courts will balance the need for the discovery against the burden imposed on the subpoena recipient, and that person's status as a nonparty is a factor weighing against disclosure. *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (quoting *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)).

Rule 45(f) also permits the transfer of a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances . . . ."; "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). In determining whether exceptional circumstances exist, courts should consider "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015) (quoting *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The Court must then weigh those circumstances against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas."). The decision whether to transfer a motion under Rule 45(f) is discretionary and may be made either on motion or *sua sponte*. *See*, *e.g.*, *F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, *6 (S.D. Ohio Dec. 6, 2013); *Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.D.C. 2018).

**III. ANALYSIS**

As discussed above, ACA consents to the transfer of Equifax's Motion to Compel and ACA's Countermotion to the United States District Court for the Eastern District of California pursuant to Federal Rule of Civil Procedure 45(f). (ECF No. 6.) Equifax opposes, arguing that

transfer would likely require additional briefing in the Eastern District of California. (ECF No. 10.)

The Undersigned finds that transferring Motion to Compel to the Eastern District of California pursuant to Rule 45(f) is appropriate for the following reasons.

First, ACA consents to the transfer of Equifax's Motion to Compel and ACA's Countermotion for Attorneys' Fees and Costs to the Eastern District of California. (ECF No. 6, PAGEID #: 244.) As set forth above, under Rule 45(f), a court may transfer a motion to the issuing court "if the person subject to the subpoena consents *or* if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f) (emphasis added). The Advisory Committee Notes explain that "[t]he prime concern [in evaluating transfer under Rule 45(f)] should be avoiding burdens on local non-parties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Courts have found that "a non-party's consent to transfer, standing alone, may provide sufficient grounds for transfer under Rule 45(f)." *Diversified Energy Co. PLC v. Inst. for Energy Econ. & Fin. Analysis*, No. 1:23MC00031, 2023 WL 5831414, at *5 (N.D. Ohio Sept. 8, 2023) (collecting cases).

Second, the United States District Court for the Eastern District of California is in a much better position to assess the scope of appropriate discovery and whether ACA is entitled to any attorneys' fees. That court has presided over the California litigation since August of 2023 and has adjudicated previous discovery disputes. (*See, e.g.*, E.D. Cal. Case No. 2:23-cv-017, ECF No. 122.) Additional discovery disputes in the California litigation are also pending before that court. ACA represents that Equifax and its co-defendants have "issued parallel subpoenas" that "raise overlapping questions that risk inconsistent rulings." (*See* ECF No. 6, PAGEID # 224; ECF No. 6-1, PAGEID #: 242.) Judicial economy will be best served by having all of these discovery

disputes resolved by the same Court. *See also A+ Fin. Ctr.*, 2013 WL 6388539 at*3 (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

## IV. DISPOSITION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** Equifax's Motion to Compel (ECF No. 1) and ACA's Countermotion (ECF No. 6) to the Eastern District of California, *Dr. Derrick Adams et al. v. Experian Info. Solutions, Inc. et al.*, No. 2:23-cv-01773, and close this miscellaneous action.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**